Dear Representative Webb,
¶ 0 This office has received your recent request for an Attorney General Opinion in which you asked the following question:
As between an affected employee or affected State agency, whois responsible for paying an increase in health insurancepremiums following the reduction-in-force for former UniversityHospitals employees who chose to continue the health insurancecoverage pursuant to the State Government Reduction-in-Force andSeverance Benefits Act at 74 O.S. Supp. 1997, § 840-2.27A[74-840-2.27A]through § 840-2.27H?
¶ 1 House Bill No. 1224 of the 1997 legislative session amended Oklahoma Statutes in regard to reduction-in-force separations of State employees from employment. Section 7 of House Bill No. 1224, codified at 74 O.S. Supp. 1997, § 840-2.27D[74-840-2.27D], granted authority for agencies which undergo a reduction-in-force to provide as a severance benefit the payment of health insurance premiums for affected employees for a certain period of time:
 All agency severance benefits shall provide the following:
 a. payment of the affected employee's current health insurance premium for the affected employee only for the eighteen (18) months following separation or payment of an equivalent amount for current health insurance premiums that the affected employee would otherwise have received, pursuant to this subsection, based on the cost of the premium at the time of the reduction-in-force. The affected employee can maintain other insurance coverages offered to state employees during the eighteen-month period, provided that the affected employee shall pay all nonhealth premiums. The affected employee shall pay premiums directly to the Oklahoma State Employees Benefits Council. Provided, however, the affected employee shall be eligible during the annual option period to change health insurance carriers and other insurance coverages for which the affected employee is paying premiums. Following the initial eighteen-month period after separation, the affected employee shall be entitled to any health and other insurance coverage pursuant to federal law. If the affected employee elects the continued health insurance coverage option in this subparagraph and the affected employee, within the coverage period, decides to cancel the coverage or the affected employee receives coverage under another employer's health benefit plan, the affected employee's rights to benefits pursuant to this subsection shall terminate. The affected employee shall receive a payment for the equivalent of the cost of the remaining months of coverage based on the premium at the time of the reduction-in-force. Agencies which are abolished shall transfer monies to the Reduction-in-Force Premium Payment Fund created by Section 11 [of H.B. No. 1224] to provide premium payment if applicable for affected employees of abolished agencies. The appointing authority of the agency can ask the Director of the Office of State Finance to waive the severance benefit provision of this subparagraph or to reduce the length of coverage or subsequent severance benefit payment upon demonstration of the agency's inability to fund the full benefit[.]
74 O.S. Supp. 1997, § 840-2.27D[74-840-2.27D](A)(1) (emphasis added).
¶ 2 This section makes it clear in two places that the amount of the severance benefit to be paid related to health insurance coverage is the monthly "premium at the time of thereduction-in-force." Thus, although it is presumed the Legislature was aware of the possibility of an increase in health insurance premiums, no provision for the State to pay any increase in the cost of health insurance coverage was made. While an employee affected by a reduction-in-force is entitled to select payment of health insurance premiums for an eighteen month period, in the event of an increase in the cost of that premium, it must be up to the employee to pay the increase. Without legislative authority, neither an agency which undergoes a reduction-in-force nor the Office of State Finance may pay a severance benefit not authorized by the State Government Reduction-in-Force and Severance Benefits Act. 74 O.S. Supp.1997, § 840-2.27D[74-840-2.27D](C).
¶ 3 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Pursuant to 74 O.S. Supp. 1997, § 840-2.27D(A)(1), anemployee affected by a reduction-in-force is responsible forpaying any increase in health insurance premiums for healthinsurance coverage under the State Government Reduction-in-forceand Severance Benefits Act, 74 O.S. Supp. 1997, § 840-2.27A[74-840-2.27A]through § 840-2.27H.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL